# EXHIBIT 15

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| CIVIL RIGHTS DEFENSE FIRM, P.C., FIREARMS POLICY COALITION, INC., PRINCE LAW OFFICES, P.C., TROP GUN SHOP LTD., AND ROGER MULLINS, | : : : : : | No. 63 MM 2020<br><br>Petitioners' Emergency Ex Parte Application for Extraordinary Relief Pursuant to the Court's King's Bench Jurisdiction |
| Petitioners | : | |
| v. | : | |
| GOVERNOR TOM WOLF, | : | |
| Respondent | : | |

**ORDER**

**PER CURIAM**

    **AND NOW,** this 22nd day of March, 2020, upon review of Petitioners' Emergency Ex Parte Application for Extraordinary Relief Pursuant to the Court's King's Bench Jurisdiction, which challenges the statutory authority for, and the constitutionality of, the Governor's Order of March 19, 2020 ("Order of the Governor of the Commonwealth of Pennsylvania Regarding the Closure of All Businesses That Are Not Life Sustaining"), and the Governor's response to that Application, we order as follows:

    With respect to those Petitioners alleging that the Governor's March 19 Order infringes on this Court's exclusive authority to regulate the practice of law, or otherwise interferes with this Court's orders declaring a statewide judicial emergency, *see, e.g., In Re: General Statewide Judicial Emergency*, 531 & 532 Judicial Administration Docket (Pa. Mar. 18, 2020) (order temporarily closing courts to the public), the Application is

**DISMISSED AS MOOT**. Although the Governor's March 19 Order provides that businesses performing "Legal Services" must cease physical operations, he subsequently added the following proviso: "Except as required to allow attorneys to participate in court functions deemed essential by a president judge per the Pennsylvania Supreme Court's order of March 18, 2020, or similar federal court directive, and lawyers may access their offices to effectuate such functions and directives." *See* https://www.scribd.com/document/452553026/UPDATED-5-45pm-March-21-2020-Industry-Operation-Guidance, under hyperlink "See a list of life-sustaining businesses" at https://www.pa.gov/guides/responding-to-covid-19/#ForBusinesses. Accordingly, in regard to these Petitioners, we find no controversy remains.

In all other respects, the Application is **DENIED**.

The Application For Leave Of The City Of Philadelphia To File Amicus Brief is **GRANTED**.

Justice Wecht files a Concurring and Dissenting Statement joined by Justices Donohue and Dougherty.

IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | |
|---|---|
| CIVIL RIGHTS DEFENSE FIRM, P.C., FIREARMS POLICY COALITION, INC., PRINCE LAW OFFICES, P.C., TROP GUN SHOP LTD., AND ROGER MULLINS,<br><br>Petitioners<br><br>v.<br><br>GOVERNOR TOM WOLF,<br><br>Respondent | : No. 63 MM 2020<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CONCURRING AND DISSENTING STATEMENT

**JUSTICE WECHT**

I am troubled by the uncertainty that has followed the Governor's orders responding to the COVID-19 pandemic, particularly as it concerns the critical work of attorneys, whose legal expertise is necessary for the citizenry to obtain redress of harms, and whose practice is to be regulated by this Court under Article V of the Constitution of this Commonwealth. *See* PA. CONST. art. V, § 10(c). Nonetheless, I agree with the Court that the present challenge, to the extent premised upon a deprivation of the ability to practice law, has been effectively mooted by the much-needed clarification subsequently offered by the Governor. I accordingly join that portion of today's order.

I write separately because the present Application for Emergency Relief brings to the Court's attention a deprivation of a constitutional right. The Governor's Order of March 20, 2020, the "Order of the Governor of the Commonwealth of Pennsylvania Regarding

the Closure of All Businesses That Are Not Life Sustaining" (the "Order"), makes no allowance for any continued operation of licensed firearm dealers. In light of the regulatory framework attending the sale and transfer of firearms, the inability of licensed firearm dealers to conduct any physical operations amounts to a complete prohibition upon the retail sale of firearms—an activity in which the citizens of this Commonwealth recently have been engaging on a large scale, and one guaranteed by both the United States Constitution and the Constitution of this Commonwealth. *See* U.S. CONST. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."); PA. CONST. art. I, § 21 ("The right of the citizens to bear arms in defence of themselves and the State shall not be questioned.").

Unlike the vast majority of other items, the sale and transfer of firearms sold at retail cannot be completed merely by way of telecommunication and mailing under existing law. Under federal firearm laws, a licensed firearm dealer may transfer a firearm to a purchaser who does not appear in person at the licensed premises only when a background check is not required to transfer the firearm, and both the dealer and the purchaser reside in the same state. 18 U.S.C. § 922(c), (t); 27 C.F.R. § 478.96, 478.124; ATF Procedure 2013-2.[1] In Pennsylvania, a licensed firearm dealer must perform a background check in conjunction with the retail sale of any firearm. 18 Pa.C.S. § 6111(a)(2). Moreover, the Uniform Firearms Act provides that the "business" of a

---

[1] For ease of reference, the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives has offered guidance on this question, available at https://www.atf.gov/firearms/qa/may-licensee-transfer-firearm-nonlicensed-individual-who-does-not-appear-person-licensed

licensed firearm dealer "shall be carried on only upon the premises designated in the license or at a lawful gun show or meet." *Id.* § 6113(a)(1).

The effect of this regulatory scheme is that, notwithstanding any payment, the actual transfer of a firearm from a dealer to a purchaser must be completed at the dealer's place of business. Quite simply, if firearm dealers are not able to conduct any business in-person at their licensed premises, then no transfers of firearms can be completed. This amounts to an absolute and indefinite prohibition upon the acquisition of firearms by the citizens of this Commonwealth—a result in clear tension with the Second Amendment to the United States Constitution and Article I, Section 21 of the Pennsylvania Constitution. *See generally District of Columbia v. Heller*, 554 U.S. 570 (2008); *see also Bateman v. Perdue*, 881 F.Supp.2d 709 (E.D.N.C. 2012) (applying *Heller* to hold unconstitutional a statute authorizing government officials to prohibit the sale of firearms during state of emergency); *id.* at 714 (noting that statute "effectively prohibit[s] law abiding citizens from purchasing and transporting to their homes firearms and ammunition needed for self-defense" thus "burden[ing] conduct protected by the Second Amendment").

In my view, it is incumbent upon the Governor to make some manner of allowance for our citizens to continue to exercise this constitutional right. This need not necessarily take the form of a generalized exception to the Order for any and all firearm retailers, although such retailers have been classified as "essential" elsewhere in our Nation.[2] To

---

[2] *See* Executive Order of Governor of Illinois, Executive Order in Response to COVID-19 (COVID-19 Executive Order No. 8), at 12(n), available at https://www2.illinois.gov/IISNews/21288-Gov._Pritzker_Stay_at_Home_Order.pdf (defining "Essential Businesses and Operations" to include "firearm and ammunition suppliers and retailers for purposes of safety and security").

the contrary, just as the Governor has permitted restaurants to offer take-out service but restricted dine-in options, the Governor may limit the patronage of firearm retailers to the completion of the portions of a transfer that must be conducted in-person. Such an accommodation may be effectuated while preserving sensible restrictions designed to slow the spread of COVID-19, but nonetheless provide a legal avenue for the purchase and sale of firearms, thus avoiding an impermissible intrusion upon a fundamental constitutional right.

Justice Donohue and Justice Dougherty join this concurring and dissenting statement.